IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN C. EPTING SR., | ) | 4:09CV3158 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner John C. Epting Sr.'s ("Epting") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (filing no. 8), Brief in support of his Answer (filing no. 9), State Court Records (filing no. 7), and a Reply Brief (filing no. 12). Epting filed a Response to the Answer (filing no. 10) and a Brief on the merits of the Petition (filing no. 11). This matter is therefore deemed fully submitted.

Liberally construing the allegations of Epting's Petition, he argues that the Petition should be granted because:

Claim One:        Petitioner was denied due process of law because the trial court failed to find Petitioner "incompeten[t] in fact" ("Claim One").

Claim Two:        Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's trial counsel (1) did not conduct an independent investigation of the case; (2) did not perform a single witness interview; (3) did not consult an expert; (4) refused Petitioner's request that Petitioner undergo a psychiatric evaluation; (5) refused Petitioner's request to pursue an insanity defense; (6) did not file a notice of appeal; and (7) did not object to the Complaint being

amended immediately prior to Petitioner's plea hearing, without 24-hour notice to Petitioner ("Claim Two").

Claim Three:    Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's appellate counsel failed to raise issues relating to Petitioner's mental competence and issues relating to the conflict of interest that existed between Petitioner and the presiding judge ("Claim Three").

Claim Four:    Petitioner was denied his right to a fair trial because the judge who presided over Petitioner's case had actual bias against him ("Claim Four").

Claim Five:    Petitioner's plea of guilty was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea because the Complaint was amended immediately prior to Petitioner's plea hearing, and Petitioner was not informed of his right to 24-hour notice that the Complaint had been amended ("Claim Five").

(Filing No. 5 at CM/ECF pp. 1-2, together, the "Habeas Claims.")

## I.    BACKGROUND

### A.    *Epting's Conviction and Direct Appeal*

On October 23, 2006, Epting pled no contest to one count of manslaughter and one count of first degree assault.  (Filing No. 7-2, Attach. 1, at CM/ECF p. 33.) Epting was thereafter sentenced to serve a prison term of 15 to 20 years on the manslaughter conviction and 10 to 20 years on the first degree assault conviction, to be served consecutively.  (*Id.* at CM/ECF p. 37.)  Epting did not file a direct appeal. (Filing No. 11 at CM/ECF p. 1.)

2

**B.      *Epting's Post Conviction Motion and Appeal***

On July 9, 2007, Epting filed a verified motion for postconviction relief ("Post Conviction Motion") in the Lincoln County, Nebraska District Court. (Filing No. 7-2, Attach. 1, at CM/ECF pp. 39-52.)  In his Post Conviction Motion, Epting argued, among other things, that he was denied a direct appeal. (*Id.*)  On July 17, 2007, the Lincoln County District Court granted Epting a new direct appeal. (*Id.* at CM/ECF p. 61.) However, the Nebraska Supreme Court reversed that decision, finding that the Lincoln County District Court erred in granting post-conviction relief without holding an evidentiary hearing and making specific findings of fact and conclusions of law. *State v. Epting*, 751 N.W.2d 166, 168 (Neb. 2008).

The Lincoln County District Court thereafter held an evidentiary hearing and denied post-conviction relief.  (Filing No. 7-6, Attach. 5, at CM/ECF pp. 10-13.) Where necessary, the details of the Lincoln County District Court's opinion are set forth below.  Epting appealed the denial of post-conviction relief. (*Id.* at CM/ECF p. 1.)  However, Epting failed to timely submit the court's required docket fee or a poverty affidavit.  (*Id.* at CM/ECF p. 54.)  The Nebraska Supreme Court granted Epting the opportunity to show cause for his failure to timely pay the required docket fee.  (*Id.*)  The Nebraska Supreme Court thereafter determined that Epting failed to show "good cause . . . for the untimely payment of the statutory docket fee," and dismissed the appeal on May 14, 2009.  (Filing No. 7-8, Attach. 7, at CM/ECF p. 5.)

Epting filed this matter on July 21, 2009.  (Filing No. 1.)  Respondent filed his Answer, Brief in Support, and Reply Brief arguing that all of Epting's Habeas Claims are procedurally defaulted.  (Filing Nos. 8, 9, and 12.)  Epting filed a Response and a Brief, arguing the merits of his Habeas Claims.  (Filing Nos. 10 and 11.)  Because he believes all of Epting's Habeas Claims are procedurally defaulted, Respondent did not brief the merits of the Habeas Claims.  However, Respondent filed all State Court Records relevant to Epting's Habeas Claims.  (Filing No. 7.)

## II.   ANALYSIS

Even where claims may be procedurally defaulted, the court may alternatively reach the merits where the record is adequate to do so.  *See, e.g., Winfield v. Roper, 460 F.3d 1026, 1038 (8th Cir. 2006)* (holding that, where the record before the court presented adequate information upon which to base a decision on the merits of the petitioner's claims, a court may alternatively consider the merits of the petitioner's claim rather than concentrating only on procedural questions).  The court declines to address the procedural question in this matter.[1]  Instead, because the record is adequate to do so, elects to resolve this matter on the merits.

### A.   Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law.  *See* 28 U.S.C. § 2254(d).  With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of

---

[1]Stated another way, the court declines to decide the question of whether the Nebraska Supreme Court's dismissal of an appeal, and refusal to consider an otherwise properly presented appeal, based on the filing of a poverty affidavit 12 days late "rests on independent and adequate state procedural grounds." *Barnett v. Roper, 541 F.3d 804, 808 (8th Cir. 2008)* (quotation omitted).

4

habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court."). A federal court's deference to state court decisions on the merits extends to both state trial courts and state appellate courts. *Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008).

## B.    *The* Strickland *Standard*

Claims of ineffective assistance of counsel are reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S.

5

at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Additionally, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold."

6

*Schriro*, supra, at 473, 127 S. Ct. 1933.  And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

**C.     *Epting's Claims***

**1.     *State Court Findings***

The Lincoln County District Court addressed all of Epting's Habeas Claims on the merits, and denied relief on all claims.  (Filing No. 7-6, Attach. 5, at CM/ECF pp. 10-13.)  Regarding the claims relating to Epting's competency, the Lincoln County District Court stated:

> In answer to the question posed to him on redirect examination "and he was answering questions posed to him and appeared to understand everything that was going on?"  Trial counsel responded "Yeah.  I mean, lots of –lots of people that I have represented have understood a lot less than John did.  He was actually good to work with because he could understand some of the concepts that some people find difficult and he wasn't one of those guys that would ask you over and over again because they wanted a difference [sic] answer.  He would-he would ask the question, you know, do I think this defense is going to work, I would tell him, you know, what variables would be involved and he could understand that, and you know, then he would ask other questions that I thought were really good.  So to me his mental status was never a question.  I felt like he was one of the brighter people that I've worked with." . . .  Thus, it was apparent to defense counsel, that any plea

involving insanity would be of no effect since the Defendant remembered the details of most of the events surrounding the death of the victim, had made a statement to law enforcement officers that was similar in detail to the one given to defense counsel by the Defendant, and that the Defendant was lucid throughout his dealings with the defense counsel.

(*Id.* at CM/ECF pp. 11-12.)  Based on these findings, the Lincoln County District Court found that "failure of defense counsel to pursue an insanity defense" or otherwise investigate or challenge Epting's mental competency did not constitute any prejudice.  (*Id.* at CM/ECF p. 12.)

Epting also asserts various claims that his plea was not knowing, intelligent, and voluntary because he was not given the required 24-hour notice and because the trial judge was biased.  In addressing these claims, the Lincoln County District Court, after hearing evidence and reviewing the entire record, determined:

> The Defendant first claims he was denied his rights . . . in that he was not given 24 hours notice of the Amended Information to which he entered a plea of no contest denying the Court jurisdiction over the Defendant under the Amended Information.  It is quite clear that the Nebraska Supreme Court has determined a number of times that failure of a defendant to object to the failure to receive the information prior to a plea and the failure to provide the defendant 24 hours before entering such a plea can, in fact, be waived by the defendant by his failure to object. . . . Therefore, the Defendant fails to state a claim which would allow this Court to determine that he was denied his rights under the Nebraska Constitution and the Constitution of the United States which would render his conviction void.

(*Id.* at CM/ECF p. 10.)  The Lincoln County District Court further stated:

> The Court has reviewed the transcript from the entry of plea and finds that there was no failure to recite the rights being waived by the

8

Defendant at the entry of the plea. The Court specifically found that the plea was knowingly, voluntarily and intelligently entered. The Court sees no reason to change its opinion at this late date.

(*Id.* at CM/ECF p. 11.)

Epting asserts other claims for ineffective assistance of counsel not related to his mental competency or the voluntariness of his plea. However, the Lincoln County District Court considered those claims and found that "[t]he other claims of the Defendant in regard to the ineffectiveness of counsel have been dealt with previously by the Court or are without merit." (*Id.* at CM/ECF p. 12.) In short, after considering all of Epting's Habeas Claims, the Lincoln County District Court determined that Epting failed to show that he "was denied his rights under the Constitution of the United States or under the Constitution of the State of Nebraska which would render his conviction void or voidable." (*Id.*)

    2.    *Deference*

As set forth above, the foregoing findings of fact and conclusions of law by the Lincoln County District Court are entitled to substantial deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. This court has carefully reviewed the record in this matter and finds that the Lincoln County District Court's decision denying Epting's Habeas Claims is not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Epting has not submitted any evidence, let alone clear and convincing evidence, that the Lincoln County District Court was incorrect in any of its factual or legal determinations. 28 U.S.C. § 2254(e)(1). In short, all of Epting's claims were adjudicated on the merits by the Lincoln County District Court and the grant of a writ of habeas corpus is not warranted here because the Nebraska state court reasonably applied *Strickland* and

9

other Supreme Court holdings in reaching its decision.  In light of these findings, Epting's Petition is dismissed in its entirety.


        IT IS THEREFORE ORDERED that:


        1.      Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.


        2.      A separate judgment will be entered in accordance with this Memorandum and Order.

        DATED this 25th day of February, 2010.



                                BY THE COURT:

                                s/ Joseph F. Bataillon
                                Chief United States District Judge

---

        *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.